IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY BIRL-JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-1059-MHT-TFM |
| | ) | (wo) |
| REGIONS BANK D/B/A REGIONS | ) | |
| MORTGAGE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc. 4).  On August 26, 2015, the Magistrate Judge entered a Report and Recommendation which GRANTED Defendant's Motion to Dismiss on all claims except (1) Plaintiff's Title VII and 42 U.S.C.§ 1981 claims for race discrimination in employment based on unlawful demotion and (2) Plaintiff's Title VII and 42 U.S.C.§ 1981 claims for retaliation based on unlawful demotion resulting from an internal complaint and EEOC charge.  The District Judge adopted this Recommendation in full by Opinion issued September 11, 2015.  *See Birl-Johnson v. Regions Bank*, 2015 WL 5317013 *9 (M.D. Ala. 2015)

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 51), Plaintiff's Motion to Supplement based on Newly Acquired Evidence (Doc. 57) and

Defendant's Motion to Strike certain exhibits from the record (Doc. 60). For good cause, it is the Recommendation of the Magistrate Judge that the Defendant's Motion for Summary Judgment (Doc. 51) be GRANTED, that the Plaintiff's Motion to Supplement based on Newly Acquired Evidence (Doc. 57) be DENIED and that Defendant's Motion to Strike (Doc. 60) be GRANTED.

## I. DISCUSSION

This is an employment discrimination case. Plaintiff, a former mortgage loan processor with Regions Bank, ("Regions") brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981, alleging race discrimination and retaliation. This Court has jurisdiction of Plaintiff's race discrimination and retaliation claims pursuant to the jurisdictional grant in 42 U.S.C.§ 2000e-5 and 42 U.S.C. 12117 as well as federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## A. FACTS

On August 30, 2010, Plaintiff was hired by Regions to work as a Mortgage Processor III in Regions' Mortgage Operations Center in Montgomery. (Johnson Dep. 34:19-22, 51:12-15; Complaint, Doc. 1 ¶9). The basic duties of Plaintiff's position were to process and review mortgage loan files, contact borrowers for additional information when needed, and generally prepare her assigned loan files for closing. (Johnson Dep. 51:16-52:4). Plaintiff was one of three African-American processors to work in her office during the years she worked for Regions. (Johnson Dep. 210:2-25). Each

processor is assigned to specific loan officers, and the processor is responsible for handling the closing preparations associated with the loans of the assigned officers' customers. (Johnson Dep. 51:16-52:4, 97:8-22, 137:1-7, 128:2-19).

Carrie Hogue, an African-American female, who served as a Processing Team Leader in Regions' Mortgage Operations Center in Montgomery, was Plaintiff's supervisor. (Johnson Dep. 59:6-12, Doc. 1 ¶10). Hogue reported to Rhonda McGough, a Caucasion female, who was Plaintiff's manager. (Johnson Dep. 59:13-17; Doc. 1 at ¶ 13.) Hogue and McGough made all relevant decisions relating to which loan officers were assigned to Plaintiff. (Johnson Dep. 97:8-22, 138:2-19).

Within a few months after Johnson began working for Regions, Hogue and McGough began receiving complaints about Plaintiff's slowness and inefficiency in reviewing loan files. (Doc. 53-5; McGough Decl. ¶ 5 and Doc. 53-6; Hogue Decl. ¶ 5). These complaints were accompanied by several related requests from loan officers to be assigned to a processor other than Plaintiff. *Id.* Beginning in early 2013, Hogue and McGough had numerous discussions about how handle these complaints and improve Plaintiff's "timeliness and efficiency." Ultimately, McGough made the decision and Hogue concurred that transitioning Plaintiff to primarily processing USDA loans, which have stricter requirements and thus a longer approval process, might help Plaintiff "stay on pace" because these loans had a "slower turnaround." In July 2013, Plaintiff was reassigned primarily to processing USDA loans and as a back up to assist other processors. (Doc. 53-5; McGough Decl. ¶¶ 6,7 and Doc. 53-6; Hogue Decl.¶¶6,7).

On May 28, 2013, Plaintiff told Hogue that she was making a complaint about loan officer, Todd Hannaford, to Regions' Human Resources Department.  That same day, Hogue told McGough that Plaintiff intended to file a complaint.  (Doc. 53-5; McGough Decl. ¶ 6 and Doc. 53-6; Hogue Decl.¶6,).  Both McGough and Hogue state that their conversations about Plaintiff's reassignment began long before they learned of Plaintiff's intent to lodge a complaint with Regions' HR Department about Hannaford or anyone else.  McGough and Hogue also said that Plaintiff's "loan officer assignments were not adjusted at anytime due to her race or in an attempt to retaliate against her for any reason, including her complaint made to Regions HR, generally, or specifically her complaint about Todd Hannaford.".  (Doc. 53-5; McGough Decl. ¶¶6, 7 and Doc. 53-6; Hogue Decl.¶¶6,7).

In her EEOC charge filed November 25, 2013, Plaintiff alleges the following:

I am Black.  I was hired as a Mortgage Loan Processor in August 2010. According to my annual employee reviews, I have performed my job in a satisfactory manner.  On May 29, 2013, I had informed my supervisor that I would be contacting the Regions HR Corporate office regarding an incident that occurred with a loan officer that I was in disagreement with.  On May 30, 2013, I contacted the Regions HR Corporate office to report this incident by leaving a brief voice message on the Senior Vice President's phone.  On May 31, 2013, I was given a written warning from my supervisor with the presence of my manager.  I stated that this was an erroneous write up and I refused to sign it, due {sic} I informed them that I will provide them with a written rebuttal.  On June 3, 2013, I provided the rebuttal and documentation to support the erroneous written warning.  I also contacted the HR Corporate office to perform a phone complaint with a representative within that office.  At that time, I was informed that I would be receiving a follow up regarding my complaint.

In July 2013, my manager had removed the majority of the loan officers

from working with me.  The manager stated that the loan officers had
informed her verbally that they wanted to be removed from me as their
processor because of the time frame that I was reviewing their files.  I do
not believe that this is an accurate statement, because I have received
emails from loan officers stating differently.  Therefore, I received what I
considered as a demotion, which reduced my production.  On September 6,
2013, I made a request via email to have my manager and supervisor to
explain why the decreased number of loan officers assigned to me verses all
of the other processors.   My supervisor accepted to meet with me on
September 9, 2013, but the manager refused to be in the meeting to discuss
this issue.

On September 11, 2013, I contacted the HR Corporate office via email,
informing the HR Senior Vice President that I believed that I am being
retaliated against for making the initial complaint.  The HR Corporate
office has not responded to my complaints made on June 3, 2013, July 19,
2013, and September 11, 2013.

I believe that I have been discriminated against, harassed and retaliated
against because of my race, Black in violation of Title VII of the Civil
Rights Act of 1964, as amended.

(Doc. 1-1 p.8-9); *Birl-Johnson,* 2015 WL 5317013 at *2-3.   Plaintiff states in her

Complaint that she resigned from her employment with Regions because Regions'

Human Resources personnel "demonstrated that she was not of any importance . . . [t]hat

Regions' Core Values did not apply to her as an employee . . . Do what is right . . . Put

people first and that is what made her decision to resign from the company.  (Doc. 1 para.

7). *Birl-Johnson,* 2015 WL 5317013 at *3.

## B. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary

judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that  there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law."  In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Chesire Bridge,* 117 F. 3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant."  *United of Omaha Life Ins. Co. v. Sun Life Ins. Co.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant." *Katrensky v. United States,* 732 F.Supp.2d 1994, 1196 (M.D. Ala. July 23, 2010); *citing Harris v. Ostrout,* 65 F. 3d 912 (11th Cir. 1995); *Peppers v. Coates,* 887 F. 2d 1493, 1498 (11th Cir. 1989) (same).  As the Eleventh Circuit has explained:

> Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record.  *Mize v. Jefferson City Bd. Of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996) (citations omitted).   For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. *Bald Mountain Park, Ltd. v. Oliver,*863 F. 2d 1560, 1563 (11th Cir. 1989).  Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment.  *Pace v. Capobianco,* 283 F. 3d 1275, 1278-79 (11th Cir.2002); *see also Fed. R. Civ. P.* 56 (e).

*Ellis v. England,* 432 F. 3d 1321, 1325-26 (11th Cir. 2005).

"Although [the Eleventh Circuit] liberally contrue[s] a pro se litigant's filings, [the Eleventh Circuit] nonetheless require[s] *pro se* litigants to conform to procedural rules."

*Albra v. Advan, Inc.,* 490 F. 3d 826, 829 (11th Cir. 2007).   Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to a liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.   *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F. 2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S> 574, 587 (1986).

## C. ANALYSIS

### 1.  Title VII and 42 U.S.C. § 1981 Claims for Race Discrimination[1] and Retaliation

Under the burden shifting framework of Title VII, generally a Plaintiff must first establish a prima facie case of discrimination; if she does, then the employer must demonstrate "some legitimate, nondiscriminatory reason" for its employment decision.  If the employer satisfies its burden, "the presumption raised by the prima facie case is rebutted."   Because the burden of persuasion remains with the employee, the plaintiff must demonstrate that the seemingly legitimate reason given by the employee was pretextual.    However, if the employer satisfies its burden "the presumption of discrimination 'drops from the case' and the framework shifts back to placing the burden

---

[1]   "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context."   *Rice-Lamar v. City of Fort Lauderdale,* 232 F. 3d 836, 843 n.11 (11th Cir. 2000).

on the plaintiff to prove "more probably than not, that the employer took an adverse employment action against [her] on the basis of a protected personal characteristic.'" *Kidd v. Mando American Corp.*, 731 F.3d 1196, 1202 (11th Cir. 2013) (Citations omitted.)  The court will now address each of these claims separately below.

### a. Disparate Treatment

To establish a *prima facie* case for disparate treatment in a race discrimination case, Plaintiff must demonstrate that (1) she is member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside her protected class more favorably than she was treated; and (4) she was qualified to do the job.  *See Burke-Fowler v. Orange County,* 447 F.3d 1319, 1323 (11th Cir. 2006).

Plaintiff alleges that sometime in July 2013 Regions Manager, Rhonda McGough "removed the majority of the loan officers from working with Johnson as their processor and assigned Johnson as a Back-up Processor and to process loan files that are USDA for the Florida offices."   Plaintiff alleges McGough told her "that the loan officers had informed her verbally that they wanted to be removed from Johnson as their processor because of time frame that Johnson was reviewing files."   (Complaint, Doc. 1 ¶ 24). Plaintiff alleges this was "a demotion, which reduced/decreased Johnson's production and pay due to the manager removed loan officers from Johnson and gave them to the three (3) newly hired white processors."   (Doc. 1 ¶ 26).  Plaintiff claims that she was "discriminated against and treated differently than similarly-situated white employees

soley [sic] because she is black."  (Doc. 1 ¶91).  Plaintiff claims that she was qualified to do her job.  (Doc . 1 ¶35).[2]

Defendant argues that Plaintiff fails to state a prima facie case of race discrimination because she fails to demonstrate that her employer treated similarly situated employees outside her protected class more favorably than she was treated.  *See Burke-Fowler,* 447 F.3d at 1323.   At her deposition, Plaintiff named three white mortgage processors whom she claims had less experience than she did, but were treated more favorably.  These alleged comparators are Melissa Lolley, Selena Bunn, and Jessica Boyd.  (Doc. 53-3; Johnson Dep.  207:2 -18); (Complaint, Doc. 1,¶¶ 26, 41).  The Court has thoroughly reviewed the record and concludes that Plaintiff fails to present evidence of any complaints by loan officers, sales managers, or any other Regions' employees made to her superiors, Rhonda McGough or Carrie Hogue, about these three alleged comparators.  (Doc. 53-3; Johnson Dep. 173:20-23 (no knowledge of complaints about Boyd); 209:16–210:1 (no knowledge of complaints about Boyd, Bunn or Lolley); 211:7-13 (no knowledge of complaints about any other white processors).

Rather, the undisputed evidence before the Court demonstrates the true reason Regions modifyied Plaintiff's loan officer assignments was as a direct result of the long pattern of complaints received by McGough and Hogue and no white processors were the subject of the same nature and number of complaints as Plaintiff.  (Doc. 53-5; McGough

---

[2]To state a claim for unlawful demotion, Plaintiff must demonstrate that she was assigned "significantly different responsibilities" or her employer made a decision that "caus[ed] a significant change in benefits."  *Kidd,* 731 F.3d at1203  (Citations omitted.)

Decl. ¶¶ 5-7; Doc. 53-6, Hogue Decl. ¶5).   Her failure to produce an adequate comparator,  is fatal to Plaintiff's disparate treatment claim because Plaintiff has failed to create an issue of fact as to the third prong of the prima facie case for disparate treatment. *Id.*   Indeed, "[t]o be an adequate comparator, the perferentially treated individual from outside Plaintiff's protected class must be similarly situated to the plaintiff in all relevant respects." *Phillips v. McHugh,* 2012 WL 1642193 * 10 ( N.D. Ala. 2012) *aff'd, Phillips v. McHugh,* 519 Fed. App'x. 563 (11th Cir. 2013) (Citations omitted).   Accordingly, the Court concludes that summary judgment is proper solely on this ground.   As Defendant presents a second argument for summary judgment on this claim, the Court in the interest of providing a thorough analysis, will address it.

Defendant argues that even if Plaintiff had established a prima facie case, it has demonstrated a legitimate, non-discriminatory reason for reassigning Plaintiff's loan officers and Plaintiff has failed to put forth evidence that these reasons are pretextual. *Kidd,* 731 F.3d at1202.   Defendant argues that the sole reason for the reassignment of loan officers away from Plaintiff was that many loan officers and managers submitted numerous complaints over the course of several years relating to Plaintiff's ability to keep pace with her workload. The Court concludes that this is a legitimate, non-discriminatory reason for reassigning Plaintiff's loan officers.   *See*, *Phillips,* 2012 WL 1642193 *10  (The proffered reason "does not have to be a reason that the judge or jurors would act on or approve" . . . Rather, "all that matters is that the employer advance an explanation for its actions that is not discriminatory in nature.") citing *Schoenfeld v.*

*Babbitt,* 168 F. 3d 1257, 1269 (11th Cir. 1999).   Moreover, it is not for the Court "to judge whether the decisions are prudent or fair, but rather only whether they are motivated by a discriminatory animus. *Id.,* citing *Lee v. GTE Florida, Inc.,*   226 F. 3d 1249, 1253 (11th Cir. 2000).

Next the Court turns its attention to whether Plaintiff has demonstrated evidence of pretext.  To establish pretext, an employee must specifically respond to the employer's explanation for the questioned employment action and produce sufficient evidence for a reasonable factfinder to conclude that the employer's stated reason is pretextual.  *See Combs v. Plantation Patterns,* 106 F. 3d 1519, 1529 (11th Cir. 1997) (explaining that the plaintiff must present "sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action").  A reason is not pretextual "unless the employee shows *both* that the reason was false *and* that discrimination was the real reason."   *Brooks v. County Comm'n of Jefferson Cty.,* 446 F. 3d 1160, 1163 (11th Cir. 2006).  "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination."  *Clark v. Coats & Clark, Inc.,* 990 F. 2d 1217, 1228 (11th Cir. 1993).

The Court has thoroughly reviewed the record and concludes that Plaintiff does not present evidence sufficient to create a jury question as to whether the complaints by loan officers were merely a pretext for race discrimination in her loan officer assignments.   Rather, the evidence demonstrated that Plaintiff's slow pace and

inefficiency in completing her loan files was a constant, documented source of complaints from loan officers and sales managers.  Indeed, Rhonda McGough, Manager of Regions' Mortgage Operations Center in, Montgomery, stated in her affidavit that she received complaints about Plaintiff's performance from loan officers Mechelle Mickles, Cathy Cook, Jessyca Criswell, Lakisha Basford, Todd Hannaford, Jenny Phillips, Crystal Guastafson, Vicki Hill, Marilyn Flowers, Nicole Pitts, Nicki Pickett and Crystal Norman and from sales managers Kay Nunnery, Jackie Bowman, Carol DeMarco, and Jim Branch.  (Doc. 53-5 ¶ 5).

Moreover, e-mails made exhibits to Plaintiff's deposition further demonstrate the numerous complaints made about Plaintiff's performance and request for reassignment. (*See* Doc. 52; Brief in Support of Defendant's Motion for Summary Judgment at pp.5-8 citing Doc. 53-4; Johnson Dep. Exs. 8, 15, 16, 18, 19, 20, 27, 28, 29 and 30).  For example, on June 21, 2012, Jackie Bowman, Regions' Mortgage Production Manager Vice President, relayed a complaint from a loan officer about Plaintiff's timeliness to Carrie Hogue concluding:

> "I don't know what the answer is with her, but something has to get better. I
> love her to death, and I know that she is working hard, but we are ALWAYS down to the wire with her." Any suggestions?

(Doc. 53-4; Johnson Dep. Ex. 18).  Additionally, on July 1, 2013, Cathy Cook, a Regions' mortgage loan originator sent an e-mail to McGough requesting to have a loan assigned to a loan processor other than Plaintiff stating "[t]he last time Dorothy processed

one of my files we didn't make the closing date."  (Doc. 53-4; Johnson Dep. Ex. 27).

Even after Plaintiff's reassignment to primarily USDA loan processing, Jim Branch, Vice

President and Consumer Lending Production Manager, sent an e-mail on October, 28,

2013 to Rhonda McGough and Carrie Hogue stating:

> "Could you please help us light a fire under this file.  The MLO [Nicole
> Pitts] gathered all of these stips for this loan closing on Friday and cannot
> get any communication back from Dorothy.  Dorothy will respond saying
> she will call tomorrow, then the next day etc etc.  This file was U/W by
> Dorothy so changes are we are going to have to go to OTS.  The MLO is
> pretty frustrated that she provided the stips the first of last week and cannot
> get any feedback."

(Doc. 53-4: Johnson Dep. Ex. 29).  Additionally, on September 20, 2013, Plaintiff sent an

e-mail to Hogue recognizing she was informed on July 7, 2013 that loan officer Mechelle

Mickles asked to be reassigned from her and asking why now Plaintiff was "still being

assigned her USDA loans.  It would seem that if I am capable enough to process her

USDA loans, then what was the reason for removing her from me." (Doc. 54-4; Johnson

Dep. Ex. 26).

    In response, Plaintiff argues that as she stated in her deposition, "all of the said

emails during her employment with Regions were not brought to her attention and she

was not aware of the loan officers or sales managers email complaints"  (*See* Doc. 58,

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment at p.

7).  However, based on the "incident for Mechelle Mickels", discussed above, Plaintiff

was obviously aware of some complaints and requests for reassignment made by loan

officers. (Doc. 53-3; Johnson Dep.178-79).  Moreover, whether Plaintiff was aware of the

Case 2:14-cv-01059-MHT-TFM   Document 61   Filed 09/26/16   Page 14 of 22

complaints or not during her employment with Regions, does nothing to demonstrate that the complaints or decision by her managers to reassign loan officers from her was a pretext for discrimination against her.

In a further effort to demonstrate Regions' reasons for loan officers' reassignment from her were pretextual, Plaintiff points to positive e-mails about her performance. For example, in December of 2010, shortly after Plaintiff began working for Regions at the end of August, McGough sent Plaintiff an e-mail stating:

> Great job on the number of loans you closed in November!!!!!!!!  53 is really good for the short time you have been here.  You will be beating the other processors before you know it.  Thanks for your hard work! Glad you are part of our team!

(Doc. 58-2; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Ex. 2).  Also on February 17, 2012, Jackie Bowman, Regions' Production Manager, forwarded to Plaintiff, McGough and Houge an e-mail from loan originator, Jessyca Criswell, saying "Yay, Dorothy just sent it to USDA.  She's great!" (Doc. 58-3; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Ex. 3).  Later, on May 22, 2013, mortgage loan processor, Marilyn Flowers e-mailed Plaintiff saying: "By the way I am coming back to you full time."  (Doc. 58-8; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Ex. 8). [3]

---

[3] Plaintiff also submits three letters from people who are complimentary of her work. One is from Adrianne Lewis, a former loan processor with Regions Mortgage Operations Center, for whom Plaintiff served as back up.  Another is from Vernessa Gordon, a temporary contract employee with Regions whose job it was to assist the mortgage processors.  Another is from Gina Jones, who supervised Plaintiff for about four years at Countywide Home Loans, and worked with Plaintiff at Regions, not as her supervisor, but as an underwriter.  These letters are

Although Plaintiff has submitted evidence which demonstrates certain of her coworkers and supervisors were generally appreciative and encouraging of her and at times were generally complimentary of her performance, this does not create an issue of fact as to whether Regions received the specific complaints about Plaintiff's timeliness and efficiency and received requests for reassignment by loan processors. Nor does this complimentary evidence create a question of fact about whether Regions' stated reason for her loan reassignment– failure to keep pace– was false. A reason is not pretextual "unless the employee shows *both* that the reason was false *and* that discrimination was the real reason." *Brooks,* 446 F. 3d at 1163.

Indeed, Plaintiff admits in deposition that she has no evidence to dispute that complaints or requests for reassignment were made about her. Specifically, she admits that she does not have any evidence from a loan officer denying making a complaint against her. (Johnson Dep. 93:13-18, 94:5-9, 105:15-19). Furthermore, Plaintiff testified

---

the subject of Regions' Motion to Strike and Objection to Plaintiff's Motion to Supplement. (Doc. 60). The Court recognizes that the complimentary letters do not comport with this Court's Order on submission of summary judgment concerning the proper evidence used to oppose the Motion. (Doc. 54 at p.2) "Failure to file appropriate evidence - such as a sworn affidavit – may result in this court accepting the moving party's evidence as the truth." Indeed, the court explained that "[a]n affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." (*Id*. at p. 2 fn. 1). Accordingly, the Court recommends Plaintiff's Motion to Supplement (Doc. 57) be denied and Defendant's Motion to Strike (Doc. 60) be granted. Further, in reviewing the affidavits to determine whether they comply with this Court's Order and Federal Rules of Civil Procedure, Rule 56 (e), the Court concludes that they do nothing to create a question of fact as to whether Plaintiff was subject to unlawful discrimination or retaliation. Thus, the Court concludes that even if these letters were evidence, they would not change the result of this Recommendation.

at deposition that she did not believe Hogue and McGough were critical of her performance because of her race (Johnson Dep. 102:21-24, 108:18-109:12); nor did she believe the loan officer changes were made because of her race. (Johnson Dep. 206:12-16). Thus, the Court concludes that Plaintiff has failed to demonstrate any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Regions' reasons such that "a reasonable factfinder could find them unworthy of credence. *See Jackson v. Ala. State Tenure Comm'n.,* 405 F. 3d 1276, 1289 (11th Cir. 2005) citing *Combs,* 106 F. 3d at 1538. Accordingly, the Court concludes that Defendant's Motion for Summary Judgment is due to be granted on Plaintiff's claim for race discrimination based on disparate treatment under Title VII and §1981.

### b. Retaliation

Plaintiff claims that Regions retaliated against her for making an internal complaint about Todd Hannaford and for her EEOC charge filed November 25, 2013. (Doc. 58 at p.1; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment). This Court previously dismissed Plaintiff's claim for retaliation resulting in construction discharge. However, Plaintiff's claim for retaliation resulting in unlawful demotion is presently before the Court. *Birl-Johnson v. Regions Bank,* 2015 WL5317013 *9. The two vehicles by which Plaintiff brings her retaliation claims are Title VII an §1981.

In order for Plaintiff's §1981 retaliation claim to proceed, it must be premised on race based allegations. *See Summers v. City of Dothan,* 444 Fed. App'x 346, 351 (11th

Cir. 2011)(citing *CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 457 (2008))("A race-based retaliation claim is . . . cognizable under 42 U.S.C. § 1981); *see, also, Little v. United Techs Carrier Transicold Div.,* 103 F. 3d 956, 961 (11th Cir. 1997)(Affirming summary judgment in favor of employer where plaintiff failed to provide evidence that alleged retaliation was due to his race stating "[i]t is well-established that Section 1981 is concerned with *racial* discrimination") citing *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459 (1975). Plaintiff admits in deposition that her retaliation claim is not based on race, but rather on her belief that loan officers were assigned away from her because she complained to Regions' HR Department about Todd Hannaford. (Doc. 53-3; Johnson Dep.122:4-23). Further, Plaintiff specifically denied that her retaliation claim was based on race. Plaintiff testified at her deposition as follows:

> Q. Do you contend that Ms. Hogue or Ms. McGough make the loan officer changes because of your race?
> A. No. I stated because of the retaliation part.
> Q. Okay. So you contend that they made the moves changing loan officers because you had complained to HR about Todd Hannaford.
> A. Yes.

(Doc. 53-3; Johnson Dep. 206:12-21). Accordingly, the Court concludes that Defendant's Motion for Summary Judgment is due to be granted on Plaintiff's claim for retaliation brought pursuant to §1981.[4]

The Court now turns its attention to Plaintiff's Title VII claim for retaliation. Plaintiff's specific claim is that Regions retaliated against her by assigning loan officers

---

[4] To the extent, however, that Plaintiff's §1981 claim of retaliation mirrors her Title VII

away from her for making an informal complaint about Todd Hannaford to Regions' HR Department and for filing the formal EEOC complaint. (Doc. 58 at p. 1; Doc. 53-3, Johnson Dep. 121-123).   In order to state a claim for retaliation, Plaintiff must demonstrate that she has engaged in an activity protected under Title VII; she suffered a materially adverse action; and there was a causal connection between the protected activity and the adverse action. *Kidd,* 731 F.3d at 1211  (Citations omitted.).  Defendant argues that Plaintiff fails to state a prima facie case of retaliation for the informal complaint to Regions about Todd Hannaford because she did not engage in a statutorily protected activity.  Title VII prohibits an employer from retaliating against individuals who informally voice complaints to their superiors or who use their employer's grievance procedures to report or to complain of unlawful discrimination.  *Rollins v. Florida Dep't of Law Enforcement,* 868 F. 2d 397, 400 (11th Cir. 1989)*.*  However, statutorily protected activity unquestionably includes formal EEOC complaints.   *Shannon v. Bellsouth Telecommunications, Inc.,* 292 F. 3d 712, 716 n.2 (11th Cir. 2002) (quoting *Rolllins*).

Plaintiff alleges that on May 29 and 30 of 2013, she advised her supervisor, Carrie Hogue, that she would be contacting Regions' HR Corporate office regarding an incident with a white male loan officer - Todd Hannaford - involving his handling of a loan file. (Complaint, Doc. 1 ¶¶ 10, 11).  On June 3, 2013, Plaintiff complained over the phone to Regions HR Representative, Matthew McWilliams, about loan officer Hannaford's

---

claim and is cognizable as such under § 1981, such a claim fails for the reasons stated hereafter concerning Plaintiff's Title VII retaliation claim.

processing of a loan file.  (Doc. 1 ¶17).  On November 25, 2013, Plaintiff filed an EEOC charge alleging that loan officers were transferred away from her because she made an informal complaint about a loan officer with whom she had a disagreement.  *Birl-Johnson,* 2015 WL 5317013 at *2-3.  Further in deposition Plaintiff admitted repeatedly that she was not using Regions's grievance procedures to complain of unlawful discrimination practices.  (Doc. 53-3; Johnson Dep. 47:15-48:15, 90:6-17, 102:6-16; 117:23-119:24, 120:13-22, 213:4-215:7).  Specifically, her complaints against Hannaford involved her belief that he mishandled rental verification with respect to a loan and were about his demanding nature requiring immediate attention to his own loans.  *Id.* at 120:13-22, 213:4-215:7.  Accordingly, the Court concludes Plaintiff fails to state a prima facie case for retaliation based on her informal complaints about Todd Hannaford because there is no question of fact that Plaintiff's complaints about Hannaford had anything to do with her opposing an alleged unlawful discrimination.

With respect to Plaintiff's claim for retaliation for filing her EEOC charge, there is no question that Plaintiff's filing of an EEOC charge was a statutorily protected activity. *Shannon,* 292 F. 3d at 716 n.2.  However, Regions' reassigned Plaintiff's loan officers away from her in July 2013, more than four months **prior** to the filing of the EEOC charge on November 25, 2013.  Thus, Plaintiff's claim that Region's retaliated against her for filing her EEOC complaint by reassigning loan officers does not follow logically or sequentially.  Morever, this claim also has nothing to do with Plaintiff opposing an unlawful discrimination.  *Rollins,* 868 F. 2d at 400.  Thus, the Court concludes that

Plaintiff fails to state a prima facie case for retaliation.  Accordingly, the Court concludes that summary judgment is proper solely on this basis.

Defendant, however, argues that even if Plaintiff had established a prima facie case, it has demonstrated a legitimate, non-discriminatory reason for reassigning Plaintiff's loan officers and Plaintiff has failed to put forth evidence that these reasons are pretextual.  *Kidd,* 731 F.3d at1202.  For the very same reasons the Court stated in the preceding section concerning Plaintiff's disparate treatment claim, the Court concludes that Plaintiff has failed to create a question of fact as to pretext.  *See Jackson,* 405 F. 3d at 1289.  Thus, the Court concludes that Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is due to be granted.

### 2. JUDICIAL ESTOPPEL

Because the Court has concluded that Defendant's Summary Judgment Motion is due to be granted on all of Plaintiff's claims**,** the Court need not reach Defendant's argument that Plaintiff is judicially estopped from bringing this action due to her failure to disclose this law suit or her related EEOC Charge against Regions to the bankruptcy court.  Indeed, as a result of this Court's ruling[5], Plaintiff has no "asset" or potential asset to disclose to the Bankruptcy Court**.**  11 U.S.C. §§ 521(1) & 541(a)(7).  The Court recognizes that the doctrine of judicial estoppel may well operate to preclude Plaintiff from pursuing her action in this Court due to her failure to report this pending action to

---

[5]  The Magistrate Judge recognizes that this Conclusion will not hold true if the District Judge does not adopt this Recommendation granting Defendant's Motion for Summary Judgment in full.

the Bankruptcy Court.  *Slater v. U.S. Steel Corp.,*  820 F. 3d 1193, 1195-96 (11th Cir. 2016) (Court affirming district court's dismissal of employment discrimination action based on the doctrine of judicial estoppel because plaintiff, employee, failed to disclose those claims in her Chapter 7 bankruptcy petition.)

The Court is also aware Plaintiff argues that this doctrine does not apply to her to operate as dismissal of the instant action because she reported this case to her attorney in the Bankruptcy proceeding via e-mail. (Doc. 58; Plaintiff's Response at p. 2).  Further the Court recognizes that Defendant argues Plaintiff's claim that she reported this action to her Bankruptcy counsel, does not absolve her from the application of judicial estoppel nor the requirement that this action be dismissed on that basis.  (Doc. 59; Defendant's Reply Brief at pp. 2-6).  However, the Court need not reach this complex issue because of its conclusion reached in this Recommendation that Defendant's Motion for Summary Judgment is due to be granted.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the MAGISTRATE JUDGE that the Defendant's Motion for Summary Judgment (Doc. 51) be GRANTED in full, that the Plaintiff's Motion to Supplement based on Newly Acquired Evidence (Doc. 57) be DENIED and that Defendant's Motion to Strike (Doc. 60) be GRANTED.

It is further ORDERED that the parties are DIRECTED to file any objections to the assigning loan officers away from her said Recommendation not later than **October 11, 2016.**  Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 26th day of September, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE